IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SCOTT MATTHEW THUM, | Cause No. CV 25-39-BLG-DLC |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN, MONTANA DEPARTMENT OF CORRECTIONS, BOARD OF PARDONS AND PAROLE, | |
| Respondents. | |

State pro se prisoner Scott Matthew Thum ("Thum") filed an application seeking "Compassionate Release" pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 1.) Thum generally alleges he is being denied adequate cancer treatment and palliative care while incarcerated at the Montana State Prison ("MSP"). He also contends that the Board of Prisons and Parole ("BOPP") has unlawfully denied release/medical parole. (*Id.*)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Because this Court lacks jurisdiction, the matter will be dismissed.

1

Thum was originally charged in this Court with Possession of a Stolen Firearm. *See, USA v. Thum*, CR-17-09-BLG-SPW, Indictment (Jan. 19, 2017.) In March of 2018, Judge Watters sentenced Thum to the Bureau of Prisons for a term of 27 months, to be followed by 3 years of supervised release. *USA v. Thum*, CR-17-09-BLG-SPW, Judg. (March 28, 2018.) On April 13, 2023, a revocation hearing was held regarding Thum's violations of his supervised release conditions. Judge Watters sentenced Thum to time served with no supervision to follow. *USA v. Thum*, CR-17-09-BLG-SPW, Judg. on Rev. (April 13, 2023.)

Thum explains that Judge Watters' revocation sentence was based, in part, upon the fact that he was suffering from cancer. Judge Watters released him form federal custody in order for Thum to pursue cancer treatment and obtain medical care. (Doc. 1 at 2.) Following his release from federal custody, Thum suffered additional health struggles, including contracting COVID-19, having his left kidney removed, and being advised that his cancer had spread to other areas of his body. (*Id.*)

Thum was subsequently taken into custody and placed at MSP to serve outstanding state sentences.[1] Thum alleges he has wrongfully been denied release on parole and, correspondingly, has been denied appropriate medical treatment.

---

[1] *See e.g.*, Montana Offender Search: https://offendersearch.mt.gov/conweb/Offender/24746/ (accessed April 8, 2025).

(Doc. 1 at 3.) He explains that he has experienced repeated deliberate indifference to his medical needs while incarcerated at MSP. (*Id.*) Thum relies upon *U.S. v. Munir*, No. CR-10-64-GF-BMM, 2025 WL 673477, (D. Mont. Mar. 3, 2025), for the proposition that he has adequately exhausted his administrative remedies and may now seek compassionate release in this Court. (*Id.* at 4); *see also*, (Doc. 1-1.)

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Keller*, 2 F. 4th 1278, 1281 (9th Cir. 2021)(quoting 18 U.S.C. § 3582(c)). Congress created a limited exception to this rule by authorizing courts to grant compassionate release when "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides courts the discretion to consider compassionate release motions on an individualized basis. *See e.g., United States v. Brooker*, 976 F. 3d 228, 230 (2d Cir. 2020). But Thum is not a federal inmate serving a federal sentence, thus the compassionate release provisions he relies upon have no application to him. Similarly, the *Munir* case is inapplicable. The Defendant in that matter was a federal prisoner serving a 300-month custodial sentence with the Bureau of Prisons. *Munir*, 2025 WL 673477, at *1.

Moreover, Thum's federal sentence expired nearly two years ago. The federal habeas statues give district courts jurisdiction to entertain petitions

challenging a judgment of conviction only for persons who are "in custody" for the conviction when the petition is filed. *See e.g., Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction if the sentence imposed by the judgment has fully expired before the federal petition is filed. *Maleng*, 490 U.S. at 492; *De Long v. Hennessey*, 912 F. 2d 1144, 1146 (9th Cir. 1990). Thus, Thum is not "in custody" under his federal conviction because the sentence imposed fully expired in April of 2023. Accordingly, this Court lacks jurisdiction to consider Thum's claims. This matter must be dismissed.

To the extent that Thum seeks to challenge the current conditions of his confinement and/or the denial of medical care, such claim would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. *See Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition."). Thum will be provided a copy of the Court's standard § 1983 form should he wish to file a civil rights complaint.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255

Proceedings. Thum has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253( c)(2). There is no doubt this Court lacks jurisdiction. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Thum's Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. The Clerk of Court is directed to provide Thum with a copy of the Court's § 1983 complaint along with the service copy of this Order.

4. A certificate of appealability is DENIED.

DATED this 8th day of April, 2025.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge